| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Acting Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARTHA NIMMER**<br>*Special Assistant Corporation Counsel*<br>Cell: (917) 499-8632 |

July 29, 2021

**VIA ECF**
Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Memo Endorsed: The conference currently scheduled for September 2, 2021 is adjourned <u>sine die</u>.

SO ORDERED.

*/s/ Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

Dated: August 2, 2021

Re: *C.V. o.b.o. E.M. v. N.Y.C. Dep't of Educ.,* 21-cv-4345 (PGG)(SLC)

Dear Judge Gardephe:

    I am a Special Assistant Corporation Counsel in the office of Acting Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorney's fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

    I write to respectfully request a 90-day stay of this action (including Defendant's August 7, 2021 deadline to respond to the complaint as well as the September 2, 2021 pre-trial conference) pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide those records no later than August 4, 2021. Despite requests from my office on May 24, May 28, June 8 and June 22, 2021, Counsel has failed to provide the records for over two months since bringing this action.

    In May 2021, several judges on the Southern District bench ordered the Roller firm to provide billing records to this office, and have also imposed 90-day stays so that Defendant can prepare the cases for settlement negotiations. *See P.F. obo J.F. v. N.Y.C Dep't of Educ.,* 20-cv-10513 (JPC)(BCM) (ECF No. 16), *K.R. obo L.S. v. N.Y.C. Dep't of Educ.,* 21-cv-2299 (JPC)(SN) (ECF No. 11), *M.S. obo E.S. v. N.Y.C. Dep't of Educ.,* 21-3388 (DLC)(SN) (ECF No. 13) and *J.W. obo M.W. v. N.Y.C. Dep't of Educ.,* 21-cv-2300 (GHW)(KNF) (ECF No. 12). Indeed, there is now a substantial collection of Orders issued by judges of this District staying these

cases and compelling the Roller firm to produce "contemporaneous" billing records to the Defendant so that the matters can be settled.[1]

By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between a plaintiff's counsel and the DOE, without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed, they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice.

This case, as well as many others filed by the Roller firm, is an outlier in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit. Indeed, since the onset of the COVID-19 pandemic, Ms. Roller has filed dozens of new actions seeking solely IDEA fees and costs, and has provided billing records in only a few of those cases to date without being ordered to do so by the Court.

The complaint was originally filed on May 13, 2021, with the answer originally due on June 3, 2021. On June 2, 2021, Defendant filed a request for an extension of time to answer (ECF No. 8), with the Plaintiff's consent, so that the parties could engage in settlement negotiations. The Court granted that request that following day (ECF No. 9). Unfortunately, settlement negotiations have not begun because Plaintiff has not provided relevant billing records, despite Defendant's repeated requests for them on May 24, May 28, June 8 and June 22, 2021.

---

[1] As Judge Failla noted, Ms. Roller's *modus operandi* of unresponsiveness and issued an order to compel production of billing records in another IDEA fees-only case brought by the Roller firm:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See* Order in *F.S. obo D.M. v. NYC DOE*, 20-cv-4538 (KPF)(OTW) (ECF 9).

Indeed, in April of 2021, due to long delays by Plaintiff's counsel across many cases, stays and orders to compel were granted in *J.K. et al v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN) (ECF No. 8), *J.W. obo M.W. v. NYC Dep't of Educ.*, 21-cv-2300 (GHW)(KNF) (ECF No. 12), *G.S. obo D.S. v. NYC Dep't of Educ.*, 20-cv-10729 (GHW)(DCF) (ECF No. 15), and *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN) (ECF No. 8).

In September and October of 2020, multiple other judges of the Southern District imposed 90-day stays, and ordered the Roller Firm to provide relevant attorney billing records within a week's time. *See* Order dated September 28, 2020 from in *J.S. obo M.S. v. NYC DOC,* 20-cv-2105 (PAE)(JLC) (ECF No. 10); Order dated September 25, 2020, in *F.S.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9); Order dated September 24, 2020, in *J.J. obo J.J. v. N.Y.C. Dept. of Educ.,* 20-cv-05214 (JGK)(SDA)(ECF No. 7); Order dated September 24, 2020, in *M.D. v. DOE*, 20-cv-00694 (CM) (ECF No. 14); Order dated September 11, 2020, in *H.D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14); Order dated September 11, 2020, in *T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (granting request in part); Order dated October 1, 2020 in *I.O. obo G.O. v. N.Y.C. Dep't of Educ.*, 20-cv-5061(PAC)(SN) (ECF No. 6).

We do not understand Plaintiff's delay. The records at issue should be easy to produce as they are required to be prepared *contemporaneously*[2] with the work that Plaintiff's counsel purports to have performed in the underlying proceeding. Indeed, on September 11, 2020, Judge Woods granted, in part, the City's motion for a stay after a conference during which Ms. Roller agreed to produce billing records by a date certain, but did not. As Judge Woods recognized, it is unclear why counsel is delaying in providing the attorney billing records:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print." What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation. So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records.

*See* 20-cv-3816 (GHW)(RWL) Transcript 9/11/20 (emphasis added) excerpt annexed hereto.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days. Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than August 4, 2021.

Thank you for considering these requests.

Respectfully submitted,

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

cc: Irina Roller, Esq. (via ECF)

---

[2] We note that Plaintiff delayed exactly three years after obtaining prevailing party status in the underlying proceeding, *i.e.*, May 14, 2018, to commence this federal action solely for attorneys' fees and costs.

3